```
                         United States Bankruptcy Court
                         Middle District of Pennsylvania
In re:                                                           Case No. 14-00335-JJT
Andrew K. Menard                                                 Chapter 13
           Debtor
                              CERTIFICATE OF NOTICE
District/off: 0314-5           User: PRadginsk           Page 1 of 2          Date Rcvd: Mar 27, 2017
                               Form ID: 3180W            Total Noticed: 15


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 29, 2017.
db             Andrew K. Menard,    3116 Fox Hill Road,    Easton, PA  18045-8022
4438113       +ACS EDUCATION SERVICES,    501 BLEECKER STREET,    UTICA, NY  13501-2401
4438114      ++AMERICAN HONDA FINANCE,    P O BOX 168088,    IRVING TX 75016-8088
               (address filed with court:  AMERICAN HONDA FINANCE CORP,    201 LITTLE FALLS DRIVE,
                 WILMINGTON, DE 19808)
4438116       +CHASE,   PO BOX 24696,    COLUMBUS, OH  43224-0696
4680032        ECMC,   PO Box 16408,    St. Paul, MN  55116-0408
4680033        ECMC,   PO Box 16408,    St. Paul, MN  55116-0408,    ECMC,    PO Box 16408,
                 St. Paul, MN 55116-0408
4505180       +JPMorgan Chase Bank, N.A.,    Chase Records Center,    Attn: Correspondence Mail,
                 Mail Code LA4-5555,    700 Kansas Lane,    Monroe, LA  71203-4774
4446555       +MHEAC "On behalf of MHEAC d/b/a ASA",    c/o Keith Coburn,    MHEAC d/b/a ASA,
                 100 Cambridge Street, Suite 1600,    Boston, MA  02114-2518
4438118       +MURAT RAPHAEL,    10 KING STREET,    MONROE, NY  10950-3709

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
4438115        EDI: HNDA.COM Mar 27 2017 18:53:00      AMERICAN HONDA FINANCE CORP,    PO BOX 7829,
                 PHILADELPHIA, PA 19101-7829
4445071        EDI: HNDA.COM Mar 27 2017 18:53:00      American Honda Finance Corporation,
                 National Bankruptcy Center,    P.O. Box 168088,    Irving, TX 75016-8088,    866-716-6441
4444419        EDI: RECOVERYCORP.COM Mar 27 2017 18:58:00      Recovery Management Systems Corporation,
                 25 S.E. 2nd Avenue, Suite 1120,    Miami, FL 33131-1605
4453527       +EDI: USBANKARS.COM Mar 27 2017 18:53:00      U.S. Bank National Association,
                 3121 Michelson Drive,    Irvine, CA 92612-7672
4438119       +EDI: CITICORP.COM Mar 27 2017 18:58:00      UNIVERSAL CARD/CITIBANK,    PO BOX 6241,
                 SIOUX FALLS, SD 57117-6241
4438120        EDI: USBANKARS.COM Mar 27 2017 18:53:00      US BANK,    4801 FREDERICA ST,    OWENSBORO, KY 42301
                                                                                              TOTAL: 6

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
4438117       ##+LISA MENARD,    2048 ARLINGTON AVE,    STROUDSBURG, PA 18360-7381
                                                                                   TOTALS: 0, * 0, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 29, 2017                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 27, 2017 at the address(es) listed below:
              Charles J. DeHart, III (Trustee)   dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              ECMC    djwilcoxson@ecmc.org
              Jill Manuel-Coughlin    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION jill@pkjllc.com,
               chris.amann@pkjllc.com;nick.bracey@pkjllc.com;samantha.gonzalez@pkallc.com;harry.reese@pkallc.com
              Joshua I Goldman    on behalf of Creditor    JPMORGAN CHASE BANK, N.A bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Recovery Management Systems Corporation    claims@recoverycorp.com
              Thomas I Puleo    on behalf of Creditor    JPMORGAN CHASE BANK, N.A tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
        Vincent Rubino   on behalf of Debtor Andrew K. Menard
         epotito@newmanwilliams.com;lhochmuth@newmanwilliams.com;mdaniels@newmanwilliams.com;bsmale@newmanwilliams.com;eapotito@hotmail.com

                                                                                                             TOTAL: 8

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Andrew K. Menard** | Social Security number or ITIN  xxx–xx–9361 |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | | Social Security number or ITIN  _ _ _ _ |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Middle District of Pennsylvania** | | |
| Case number:  **5:14–bk–00335–JJT** | | |

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Andrew K. Menard
aka Andrew Kesnel Menard, aka Andrew Menard

**By the court:**

March 27, 2017

Honorable John J. Thomas
United States Bankruptcy Judge

By: PRadginsk, Deputy Clerk

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**